QUESTION: Is a municipal officer who resigns his office in order to comply with the resign-to-run law, s. 99.012, F.S., eligible for appointment to fill the vacancy created by his resignation where it is provided in a municipal charter that such vacancies are to be filled by appointment?
SUMMARY: A municipal officer who resigns in order to comply with the resign-to-run law, s. 99.012, F.S., as amended by Ch. 74-76, Laws of Florida, is eligible for appointment to fill the vacancy created by his resignation where it is provided in a municipal charter that such vacancies are to be filled by appointment. Your question is answered in the affirmative. Under the resign-to-run law, s. 99.012, F.S., an incumbent public officer who seeks to qualify as a candidate for another office, the term of which runs concurrently or "overlaps" with any part of the term he or she is serving, must execute in writing an irrevocable resignation from the office he or she currently occupies. The irrevocable nature of the resignation, of course, precludes the resigning officer from asserting a right to continue in his old office beyond the effective date of his resignation. However, as noted in AGO 072-306, "[t]here is nothing in the resign-to-run law to indicate that an officeholder who resigns in accordance with its mandate is ineligible for appointment to fill a vacancy in the office created by his resignation." Accordingly, where a municipal charter provides for the filling of such a vacancy by appointment, an officer who resigns pursuant to the resign-to-run law is eligible for appointment to the vacancy created by his resignation, should such be the will of the appointing power. Because there appears to be some confusion on this point, it is appropriate to note that the resignation is not required to become effective immediately. Under subsection (2) of the statute, the resigning official must make his resignation effective not later than the date upon which he would assume the duties of the new office, if elected, or upon the date that his successor is entitled to assume the duties of the office from which he resigned, whichever occurs earlier; and the resigning officer "shall continue to serve until his successor is elected or the vacancy otherwise filled. . . ." Subsection (3), id. (It should also be noted that the resign-to-run law was amended by Ch. 74-76, Laws of Florida, to provide that resignations by county or municipal officers "shall be directed and presented to the officer with whom he qualified for the office from which he is resigning, or in the case of an appointed official by directing such notice to the officer or authority by whom he was appointed to the office from which he is resigning with a copy to the governor and to the department of state.")